IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID KARAM And RICHARD SCHOENEMAN, on Behalf of themselves and those similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CHEROKEE ELECTRICAL CONTRACTORS, INC., DAVID JORDAN, and FREDDIE CRONAN,<br><br>Defendants. | CAFN: |

# COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and assert their claims under the Fair Labor Standards Act ("FLSA") for overtime compensation and other relief, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant NORTH CHEROKEE

1

ELECTRICAL CONTRACTORS, INC., are located in Canton, Georgia, thus within the Northern District of Georgia.

## PARTIES

3.

Plaintiff, David Karam, ("Karam") is a former employee of Defendant, having been employed from approximately October 2013 to May 2014 in the capacity as a laborer.

4.

Plaintiff, Richard Schoeneman, ("Schoeneman") is a former employee of Defendant, having been employed from approximately February 2013 to June 2014 in the capacity electrical technician.

5.

Defendant NORTH CHEROKEE ELECTRICAL CONTRACTORS, INC., ("Defendant" or "NCE") is a Georgia corporation and is licensed to do business in the State of Georgia. Unless service is waived, Defendant may be served with process via service on its registered agent, Nate Cochran, 750 East Main Street, Canton, Georgia 30114.

## FACTUAL ALLEGATIONS COMMON
## TO PLAINTIFFS AND THE CLASS THEY REPRESENT

6.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendant who consent to the representation, pursuant to 29 U.S.C. § 216(b). Each individual Plaintiff's Consent to Become a Party Plaintiff in this FLSA Action is incorporated herein as Exhibit "A".

7.

This action is brought by former employees of Defendant on behalf of all current and former employees who were paid by the hour, for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendants' common policy of failing to properly compensate them for overtime worked and earned in the manner stated below.

8.

Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of Defendant in its interactions with Plaintiffs and the class they represent, and controlled the terms and conditions of employment of Plaintiffs and the class they represent on a day to

day basis.

9.

Plaintiffs' work period and that of each member of the class they represent consisted of a seven-day calendar week beginning on or about May 2013, and started on Thursday and ended on Wednesday, essentially working four days per week, ten hours per day. Prior to that date, Plaintiffs and the class they represent, worked five days per week, eight hours per day, starting on Sunday and ending on Saturday.

10.

Plaintiffs and the class they represent were paid by Defendant on an hourly basis and are classified by Defendant to be non-exempt from the overtime requirements of the FLSA.

11.

All of Plaintiffs' pay stubs and those of the class they represent reflect that Plaintiffs and the class members were paid by the hour and were not salaried employees.

12.

Throughout Plaintiffs' employment with Defendants, and that of each member of the class they represent, each is routinely scheduled to work in excess

of forty (40) hours per week and each routinely works in excess of forty (40) hours per week.

13.

Defendants do not claim that Plaintiffs and the class they represent were subject to any exemption from the overtime pay requirements of the FLSA and admit that Plaintiffs and the class they represent were entitled to be paid 1.5 times their regular hourly rate of pay for each hour he worked in excess of forty in any given work period.

14.

Defendant failed to pay Plaintiffs and the class they represent any amount for the travel time incurred between Plaintiffs' and the class members' work location at the end of the day, and NCE's location at 2915 Ball Ground Highway, Canton, Georgia.

15.

Furthermore, Defendant failed to pay Plaintiffs and the class they represent any monies for unloading their service vehicles once they'd returned to NCE's location at 29115 Ball Ground Highway, Canton, Georgia.

16.

Upon information and belief, Defendant has failed to keep accurate records

of the hours worked by Plaintiffs and of the class members they represent, as required by the FLSA.

17.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

18.

Plaintiffs and each member of the class they represent were required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

19.

Defendant knew or should have known that the FLSA applied to Plaintiff and the class they represent.

20.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime.

21.

Defendant has refused to adequately compensate Plaintiffs and the class they represent for work in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

22.

Defendant is liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

23.

Defendant's conduct constitute willful violations of § 207 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

## CLAIMS FOR RELIEF
## COUNT ONE
## VIOLATION OF 29 U.S.C. § 207
### (Overtime Violations)

24.

Paragraphs 1 through 23 are incorporated herein by this reference.

25.

Defendant's failure to compensate Plaintiffs and the class they represent for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

26.

Defendant's failure to compensate the class Plaintiffs represent for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair

Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for each member of the class who joins this collective action for three years prior to the date such class member joins this action to the date of judgment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)  Take jurisdiction of this matter;

(b)  Permit this case to proceed as an FLSA class action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)  Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d)  Grant a trial by jury as to all matters properly triable to a jury;

(e)  Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendant has

failed to comply with the requirements of the FLSA;

(f)  Award Plaintiffs payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(g)  Award each member of the class Plaintiff represents payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h)  Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(i)  Award each Plaintiff and each member of the class they represent their reasonable attorney's fees and costs;

(j)  Issue preliminary and permanent injunctions directing the Defendant to comply with the provisions of the FLSA and preventing Defendant from reducing the pay of any Plaintiff or member of the class to offset Defendant's overtime liability;

(k)     Award any and such other further relief this Court deems just, equitable and proper.

/s/Stacy Barnett
Ga. Bar No. 039253

THE BARNETT LAW FIRM, PC
135 Village Centre West
Suite 200
Woodstock, Georgia 30188
770.400.9170 (p)
770.400.9171 (f)