## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between North Cherokee Electrical Contractors, Inc., David Jordan and Freddie Cronan (collectively referred to herein as "Defendants") and David Karam, Richard Schoeneman and Darian Watkins, (hereinafter, "Plaintiffs").

## RECITALS

WHEREAS, Plaintiffs have filed a civil action against Defendants alleging overtime pay violations by same; and

WHEREAS, a bona fide dispute exists between the parties as to how much overtime compensation and related damages would be due; and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid further legal fees and expenses of litigation;

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1. **Consideration.** Defendants agree to pay the total sum of Ninety-three thousand, four-hundred forty-four dollars and sixteen cents ($93,444.16) in consideration for Plaintiffs' compliance with their obligations under this Agreement.

The amount each plaintiff is to receive is as follows:

David Karam: $7,614.16 of which ½ of said total is for overtime wages and a check shall issue, from *Defendant*, in the amount of $3,807.08, subject to all applicable statutory deductions in accordance with normal payroll procedures, and a W-2 tax form will be issued to Karam for that amount. The remaining $3,807.08 shall be allocated to Karam as liquidated damages and other non-wage items and a 1099 will be issued for that portion of the settlement.

Darian Watkins: $39,215.50 of which $2,967.75 is for overtime wages and a check shall issue, from *Defendant*, in the amount of same, subject to all applicable statutory deductions in accordance with normal payroll procedures and a W-2 tax form will be issued to Watkins for that amount. The remaining $36,247.75 shall be allocated to Watkins as liquidated damages and other non-wage items and a 1099 will be issued for that portion of the settlement.

Richard Schoeneman: $35,589.50 of which $18,134.75 is for overtime and vacation pay wages and a check shall issue, from *Defendant*, in the amount of same, subject to all applicable statutory deductions in accordance with normal payroll procedures. Accordingly, a W-2 tax form will be issued to Schoeneman for that amount. The remaining $17,454.75 shall be allocated to Schoeneman as liquidated damages and other non-wage items and a 1099 will be issued for that portion of the settlement.

[1]

Attorney Fees: The amount of $11,025.00 shall be allocated to Plaintiffs for attorney fees.

Accordingly, a check in the amount of $68,534.58 reflecting all hereinbefore mentioned non-wage items and attorney fees shall issue from Defendants' *insurer*, made payable to the individual defendants and the Barnett Law Firm, P.C., and the appropriate 1099 tax forms will be issued directly to the Barnett Law Firm, P.C., (Federal Tax ID No-58-2505283 for that amount. These payments will be made and delivered to the offices of The Barnett Law Firm, P.C. no later than October 8, 2014. Plaintiffs agree to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them on the liquidated damages or retaliation portion and each will hold harmless and indemnify Defendants against the assertion of any claim for any such taxes, assessments, or related interest or penalties. Plaintiffs acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

   **2.   Consent Judgment**: Defendants shall execute a consent judgment for Ninety-three thousand, four-hundred forty-four dollars and sixteen cents ($93,444.16) in Plaintiffs' favor, reflecting joint and several liability for this amount and shall deliver the executed consent judgment to the offices of The Barnett Law Firm, P.C., no later than September 26, 2014. Plaintiffs' attorney, Stacy Barnett shall not file the consent judgment unless and until Defendants fail to make the payment of $93,444.16 by October 8, 2014. If the payment of the $93,444.16 is made in full by October 8, 2014 as required by this Agreement, Stacy Barnett shall destroy the consent judgment and it shall forever have no effect. However, if the payment of $93,444.16 is not made in full by October 8, 2014, Mr. Barnett shall have the right to file the consent judgment with the court, invalidate this agreement in its entirety and seek all legal methods to collect the $93,444.16, along with attorney's fees and costs of collection as allowed by law.' The consent judgment is annexed as Exhibit "A".

   The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

   **3.   Plaintiffs' Full and Complete Release.**  In consideration for this Agreement, Plaintiffs hereby settle, waive, releases and discharge all claims whatsoever against Defendants and any related companies, successors and assigns, owners, officers, directors, agents, and employees of any such entity, with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiffs may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

        a.      arising from Plaintiffs' employment with Defendants;

        b.      based on discrimination, retaliation or harassment on the basis of age, race, religion, sex or disability under any federal, state or local anti-discrimination laws or common laws relating to discrimination in employment or otherwise regulating the employment relationship, or affecting the health or safety of employees in the workplace;

[2]

> c.    based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

> d.    relating to any wages, pay, overtime, compensation, attorneys' fees, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

Plaintiffs further agrees that within ten **(10)** business days of receiving the payments required in Paragraph One (1) of this Agreement, they will file a Stipulation of Dismissal with Prejudice, with each side to bear its own costs and attorneys' fees, in the lawsuit they filed against Defendants., Civil Action File No.14-CV-2506-WBH, pending in the United States District Court of Northern Georgia, Atlanta Division, and agree not to sue or otherwise assert or attempt to assert, or to authorize anyone else to do so on their behalf, any claims released herein. Plaintiffs further agree not to become a member of any class suing Defendants (or the other parties released) on any claims released herein.

**4.  Defendants Full and Complete Release.**  In consideration for this Agreement, Defendants hereby settle, waive, release and discharge all claims whatsoever against Plaintiff with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Defendant may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed.

**5.  Modification.**  No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiffs and an authorized representative of Defendants.  This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiffs and Defendants regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

**6.  Medicare Information.**  Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided the undersigned's full address, Social Security Number, date of birth, gender, and, if available, his Medicare Health Insurance Claim Number (HICN.) Provision of this information is a condition of this settlement. If this information has been provided previously, undersigned hereby attests that previous information provided was true and correct.

**7.  Medicare Set Aside.**  It is further expressly understood and agreed, if it to the extent applicable, undersigned covenants that he will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the accident in question. In the alternative, undersigned covenants that he does not presently anticipate that he will require medical and/or health care treatment for the injuries

[3]

and/or conditions related and/or arising from the incident at issue. Further, should funds not be placed in an approved Medicare Set Aside Account for undersigned, and care and treatment for injuries and/or conditions reasonably related to the incident is subsequently sought, then undersigned covenants and represents to the Released Parties, their insurance carriers, their attorney and others in privity with them, that undersigned will not submit nor seek payment for said medical care from Medicare and/or any other government funded program. This covenant and representation shall be included as part of the indemnification obligations of undersigned stated herein. It is understood and agreed that the information provided below has been provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

      **8. Non-Admissions.** This Agreement does not constitute an admission by any party that they have violated any law.

      **9. Acknowledgment.** By signing this Agreement, Plaintiffs acknowledge and warrant that:

            a.      Plaintiffs have carefully read and fully understand every provision of this Agreement, including, without limitation, the release of all claims listed in paragraph two (2) above;

            b.      Plaintiffs are represented by counsel and have had the opportunity to consult with counsel before signing this Agreement; and

            c.      Plaintiffs accept this Agreement knowingly and voluntarily, and were not intimidated, coerced or pressured.

      **10.** Plaintiffs represent and warrant that they are authorized to execute this Agreement and they have not otherwise assigned, transferred or pledged all or any portion of the claims hereby released.

      **11.** This Agreement may be executed in counterparts and a facsimile signature shall be valid as if it were an original.

**PLAINTIFFS, DAVID KARAM, DARIAN WATKINS AND RICHARD SCHOENEMAN DECLARE THEY HAVE CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTAND THIS AGREEMENT, AND EXECUTE THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

_____
David Karam

_____
Darian Watkins

_____
Richard Schoeneman

_____
Freddie Cronan, on behalf of himself and
North Cherokee Electrical Contractors, Inc.


_____
David Jordan, on behalf of himself and
North Cherokee Electrical Contractors, Inc.


Sept. 26, 2014
_____
Date

[5]

Richard Schoeneman

Freddie Cronan, on behalf of himself and
North Cherokee Electrical Contractors, Inc.

David Jordan, on behalf of himself and
North Cherokee Electrical Contractors, Inc.

9·25·14

Date

Base on Oct.8 deadline
D/ FC

[5]